

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN , 11

GROVER SELLERS
ATTORNEY GENERAL

Honorable George P. Hudson
County Attorney, Jones County
Anson, Texas

Dear Sir:

Attention: Mr. J. F. Lindsey
Opinion No. O-5706
Re: Jurisdiction of the
corporation court of
the City of Stamford,
Texas.

Your letter of December 9, 1943, requesting the opinion of this department on the question stated therein reads as follows:

"I am requested to get your opinion on the jurisdiction of the corporation court of the City of Stamford, Texas, touching the following facts disclosed to me.

"The State Highway patrol filed in the city court of Stamford a complaint alleging an offense against a defendant for violating the traffic laws of the State wherein defendant was accused of 'Driving a truck with a load of overwidth' which arose in the corporate limits of Stamford, Texas. The corporation court of that city took jurisdiction and assessed a fine, I suppose, commensurate with the offense.

"All the law I have been unable to find that throws any light on the jurisdiction of the corporation court of Stamford, Texas, in this matter are Articles 51 (7), 62 and 64 Revised Criminal Statutes (P. C.) 1925.

"I interpret Art. 51 to mean that the corporation court has jurisdiction although I am unadvised as to the ordinances of the city, because I feel and know that such city has an ordinance governing traffic."

TION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ...

Honorable George P. Hudson, page 2

It is noted that you state in your letter that "the defendant was accused of driving a truck with a load of overwidth which arose in the corporate limits of Stamford, Texas." From these facts, for the purpose of this opinion, we assume that the defendant was charged with an offense under Section 3 of Article 827a, Vernon's Annotated Penal Code.

Section 9b of Article 827a, Vernon's Annotated Penal Code, provides:

> "Any person violating any of the provisions of this Act shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine not exceeding Fifty ($50.00) Dollars for the first offense, and by a fine of not exceeding Two Hundred ($200.00) Dollars for the second offense, or not exceeding Five Hundred ($500.00) Dollars or imprisonment in the county jail not to exceed sixty days (60) or by both such fine and imprisonment in the discretion of the court for each subsequent offense thereafter."

Article 62, Vernon's Annotated Code of Criminal Procedure, provides:

> "The corporation court in each incorporated city, town or village of this State shall have jurisdiction within the corporate limits in all criminal cases arising under the ordinance of such city, town or village, and shall have concurrent jurisdiction with any justice of the peace in any precinct in which said city, town or village is situated in all criminal cases arising under the criminal laws of this State, and which punishment is by fine only, and where the maximum of such fine may not exceed Two Hundred ($200.00) Dollars and arising within such corporate limits."

The foregoing statute expressly gives corporation courts authority and jurisdiction to try offenses arising out of violations municipal ordinances, and also to try offenses arising under the eral penal laws of the State, within the limits prescribed. (See

Honorable George F. Hudson, page 3

Tex. Jur., Vol. 12, page 397; Taylor County v. Jarvis, 209 S. W. 405 and the authorities cited therein).

It is stated in Tex. Jur., Vol. 12, page 397:

"Under the amendment to the Constitution giving the Legislature power to establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and to conform the jurisdiction of the district and other inferior courts thereto, the Legislature has power to give corporation courts jurisdiction to try persons for offenses against State law. In prosecution of offenses of this character the corporation courts have jurisdiction concurrently with any justice of the peace and in any precinct in which the city is situated in all cases where the punishment is by fine only and where the maximum fine does not exceed Two Hundred Dollars if the offense has been committed within the city limits; but the courts may not be given jurisdiction to try misdemeanor offenses punishable by imprisonment, at least in cities operating under home rule provisions of the Constitution; nor may they be clothed with exclusive jurisdiction over infraction of State laws to the exclusion of justice courts or other courts created by the Constitution."

In view of the foregoing, you are respectfully advised that the corporation court of Stamford, Texas, has jurisdiction to try persons charged with offenses arising under Section 3 of Article 827a, Vernon's Annotated Penal Code, provided it is the first or second offense. The corporation court would not have jurisdiction to try a person charged with the third or more offenses under the statute, or any subsequent offense thereafter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:EP

APPROVED DEC 23, 1943

APPROVED
OPINION